H. A. LONGWELL, *as* *Administrator* *of* *the* *Estate* *of*
B. J. *Newman, deceased,* v. L. V. HARKNESS.

No. 8835.

CASE-MADE—*not attested by ·clerk and seal of court, presents no*
*question for review.* In settling a case-made the District Judge
failed to direct that it be attested, and it was not done. Not
being attested by the signature of the Clerk and the seal of the
Court, it is not duly authenticated and the rulings of the trial
court cannot be reviewed.

*Error from Greenwood District Court.*

*Hon. C. W. Shinn, Judge.*

DISMISSED.                    OPINION FILED OCTOBER 10, 1896.

*W. S. Marlin,* and *R. P. Kelley,* for plaintiff in error.
*Clogston & Fuller,* for defendant in error.

JOHNSTON, J.   This action was brought by L. V.
Harkness against W. H. Drew and B. J. Newman to
recover upon a promissory note for $2,000, dated De-
cember 20, 1888, and which was due one year after
date.   After the trial was instituted, Newman died,
and the cause was revived in the name of the ad-
ministrator.   The trial resulted in favor of the plain-
tiff below, and judgment was awarded against W. H.
Drew and the estate of B. J. Newman in the sum of
$2,900.   H. A. Longwell, as administrator of the estate
of B. J. Newman, complains of the judgment and at-
tempts to bring the case here for review.

The sufficiency of the record is challenged by the
defendant in error.   It purports to be a case-made,
and is so designated by the District Judge who signs
the same.   It is not attested by the Clerk of the Court
nor is the seal of the District Court attached.   Indeed,
it appears that the Judge did not order the case to be

attested, but, instead, directed the Clerk of the Court to file and seal the same.

The case not being authenticated as the statute requires, it cannot be reviewed in this Court, and the proceeding will, therefore, be dismissed.

All the Justices concurring.